UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ERNESTO ESPARZA,<br><br>               Plaintiff,<br><br>Vs.<br><br>LONG BEACH POLICE OFFICERS J.A. BREARLEY, ADAM H. RIM, and A.H. FOX,<br><br>               Defendants.<br><br>RAUL ESPARZA,<br><br>               Plaintiff<br><br>Vs.<br><br>CITY OF LONG BEACH, et al.,<br><br>               Defendants. | Case No.: CV09-9249 JVS (JCGx)<br><br>[Consolidated with case<br>No. CV 11-10356 JVS (JCGx)<br><br>Honorable James V. Selna, Judge<br>Courtroom 10C, Santa Ana<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

    It appearing that the information requested by Plaintiff from the files of the Long Beach Police Department in this matter is protected by the individual police officers' right of privacy, the Parties nevertheless wish to cooperate with discovery while protecting the interests of the police officers named as defendants herein, the parties agree that the following Protective Order shall apply to the information released by the Long Beach Police Department to the Plaintiff in this action.

1

1. Attorneys for the parties shall receive from the Long Beach Police Department Custodian of Records copies of portions of the personnel files of defendant officers ANDREW M. FOX, ADAM H. RIM, JOSHUA BREARLEY, MARIA CLAY, and SERGEANT STEPHEN STOUGH, limited to the Internal Affairs complaints and records of discipline of such Defendant Officer as it pertains to allegations of excessive use of force.

2. Attorneys for the parties shall receive from the Long Beach Police Department Custodian of Records copies of Internal Affairs case file 08-0394.

3. Attorneys for the parties shall receive from the Long Beach Police Department Custodian of Records copies of the training records for defendant officers ANDREW M. FOX, ADAM H. RIM, JOSHUA BREARLEY, MARIA CLAY, and SERGEANT STEPHEN STOUGH.

4. Attorneys for the parties shall personally secure and maintain said copies in their possession to the end that said copies are to be used only for the purposes set forth below and for no other purpose.

5. Copies of the record shall only be used for preparing for and prosecuting or defending this case pending the completion of the judicial process including appeal, if any.

6. Copies of the records may be used in front of the jury only if so ordered by the court. Additionally, reference in front of the jury to the content of any records, or the existence of any such record, shall only be made after so ordered by the Court. The parties, however, may otherwise use copies of the records to prepare for trial, including – but not limited to - use of the records at depositions (under seal) and for law and motion practice.

7. If necessary in the judgment of the attorneys for the parties in this case, they may show or reveal the contents of the copies to their employees or agents, if the same may actively assist in the prosecution or defense of this

[PROPOSED] PROTECTIVE ORDER

case.

8. Plaintiff's attorneys may show or reveal contents of documents to their client, only in the event the documents describe or refer to incidents involving Plaintiff, and in no other instance.

9. Any depositions, during which the contents of copies of the records are part of the testimony or copies of the records are attached as exhibits, shall be sealed as to any confidential portions.

10. After completion of the judicial process in this case, attorneys for the parties shall return the above-referenced records to the Office of the City Attorney as attorney for the Custodian of Records for the Long Beach Police Department and shall retain no copy of such material in any form.

11. Attorneys for the parties shall cause the substance of this Order to be communicated to each person to whom the information is revealed in accordance with this Order.

12. The attorneys for the parties shall not cause or knowingly permit disclosure of the contents of the copies beyond the disclosure permitted under the terms and conditions of this Order, including but not limited to any news media which is inclusive of film or video, television, radio or print.

13. This order may be signed in counterparts. A faxed signature shall serve with the same force and effect of an original signature.

The Court retains jurisdiction to modify this Protective Order and to make further Orders with respect to control and use of the information delivered to the attorneys for the parties pursuant to this Order, including Orders as to the ultimate disposition of said copies while the judicial process is pending.

/ / /

DATED: August 15, 2012   ROBERT E. SHANNON, City Attorney

/s/ Howard D. Russell

By: _____
HOWARD D. RUSSELL
Deputy City Attorney

Attorneys for Defendants
CITY OF LONG BEACH
JOSHUA A. BREARLEY, ADAM
H. RIM, ANDREW M. FOX; SERGEANT
STEPHEN T. STOUGH MARIA M. CLAY
ANTHONY BATTS

DATED: August 15, 2012   LAW OFFICES OF AKUDINOBI & IKONTE

/s/ Chijioke O. Ikonte

By: _____
CHIJIOKE O. IKONTE, Esq.
Attorneys for Plaintiff
RAUL ERNESTO ESPARZA

IT IS SO ORDERED:

DATED: August 20, 2012

_____
Judge of the United States District Court